IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY NIXON, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. 3:17-CV-1257-G-BK |
| § | |
| JUDGE MARY BROWN, § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### I. BACKGROUND

On May 10, 2017, Petitioner, proceeding *pro se*, filed a habeas corpus petition challenging a July 12, 2016 order entered in *State of Texas v. Tracy Nixon*, No. DF-00-14691 (301st Jud. Dist. Ct., Dallas Cty.), finding him in contempt of court for failing to pay child support and meet medical support obligations, and ordering him confined for 180 days in the Dallas County Jail. Doc. 3 at 2; Doc. 3 at 26-32 (for copy of July 12, 2016 order). By this action, Petitioner asks this Court "to reverse" the July 12, 2016 order. Doc. 11 at 4. He claims the order was improperly entered in violation of his right to assistance of counsel and the automatic stay provisions of the Bankruptcy Code. Doc. 3 at 6-7; Doc. 11 at 4. He also maintains the children were 19 and 20 years old and, thus, no longer eligible for child support.

However, in answer to the Court's questionnaire, Petitioner admits he was provisionally released from confinement long before he filed this habeas corpus action. Doc. 11 at 1-2.

Indeed, attached to his federal petition, is a transcript of a September 12, 2016 hearing, which confirms that Petitioner's release was conditioned on him making timely, monthly arrearage payments and reporting to Court on January 26, 2017 for a compliance hearing. Doc. 3 at 78. On June 27, 2017, the state court suspended the remaining 146 days of Petitioner's commitment for civil contempt and placed him on community supervision for 120 months. Doc. 13 at 24. The order states in part as follows:

> The Court suspends the commitment and places TRACY NIXON on community supervision for 120 months from June 27, 2017, unless the period is extended in accordance with Texas Family Code § 157.212. Upon notice to the Court by verified pleading that respondent has violated a term or condition of their [sic] community supervision, the Court may issue an instanter arrest warrant for TRACY NIXON's arrest and appearance before the court for a revocation hearing. As terms and conditions of community supervision, TRACY NIXON shall:
>
> 1. pay the child support arrearage, including medical support arrearage, as ordered;
> 2. pay court costs as ordered;
> 3. report all changes in job status, employer's name, employer's address, home address, telephone number(s) and email addresses as ordered;
> 4. deliver to any employer a copy of the current wage withholding order if one has been issued.

Doc. 13 at 24.

## II. ANALYSIS

Petitioner filed his *pro se* petition on the form for seeking habeas relief by a person in state custody. *See* 28 U.S.C. § 2254. A person incarcerated for civil contempt is "in custody" for purposes of invoking habeas jurisdiction. *See Nixon v. 301st Jud. Dist. Ct.*, No. 3:06-CV-1787-G, 2007 WL 14282, at *1 n. 1 (N.D. Tex. 2007) (accepting magistrate judge's recommendation) (citing *Fernos-Lopez v. Figarella Lopez,* 929 F.2d 20, 23 (1st Cir. 1991)). *See also Duncan v. Walker,* 533 U.S. 167, 176 (2001) (noting that "federal habeas corpus review

may be available to challenge the legality of . . . a state court order of civil contempt"). The Court examines first whether Petitioner can satisfy the custody requirement.

### A. The Court Lacks Jurisdiction over the Habeas Petition

The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. *See e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see also* 28 U.S.C. § 2254(a). While the "in custody" language of the habeas statute does not require a litigant to be in physical custody, it requires that a litigant establish some additional restriction on his liberty. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) (holding that a petitioner released on his own recognizance pending execution of sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (the custody requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general). Conditions imposed which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do . . . are enough to invoke [habeas corpus]." *Jones*, 371 U.S. at 243 (holding that person released on parole was in custody for purposes of habeas corpus jurisdiction). However, not every restraint on liberty is significant enough to meet this test.

The Supreme Court in *Hensley* listed three considerations when determining if a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not on the general public; (2) whether incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3)

whether holding that there is no custody simply postpones the habeas case until the petitioner is in jail.  *Hensley*, 411 U.S. at 351-53.

Here, the state court's June 27, 2017 order places no restrictions on Petitioner's freedom of movement.  Doc. 13 at 24.  It suspends the remaining commitment for 120 months as long as Petitioner pays his child support arrearages and court costs, reports all changes in his job, and periodically updates his and his employer's contact information.  *See Gore v. Callahan*, No. 3:15-CV-272-K-BH, 2015 WL 4162760, at *3 (N.D. Tex. 2015), *recommendation accepted*, 2015 WL 4190784 (N.D. Tex. 2015) (holding that order that suspended commitment as long as the petitioner paid his child support arrearages and fine, and attended Battering Intervention and Prevention Program classes did not restrict his movement for purposes of the custody requirement).   Unlike *Hensley*, Petitioner is not subject to conditions of probation or community supervision that significantly restrict his otherwise apparent freedom.  411 U.S. at 351. Petitioner is not obligated to appear before a court or state official at any time and without prior notice and hearing.  *Id.*   Nor is he subjected to house arrest or electronic monitoring. *Compare Ex parte Hughey,* 932 S.W.2d 308, 310-11 (Tex. App.—Tyler 1996, no writ) (holding relator was not sufficiently restrained as a result of contempt order so as to permit habeas relief because he was not under house arrest and was "not required to report to a community supervision officer or submit to visits by such officer, nor [was] he required to obtain any sort of counseling"), *with Ex parte Brister*,  801 S.W.2d 833, 834-35 (Tex. 1990) (finding relator was sufficiently restrained as a result of a contempt order because she had to submit to 60 days' house arrest and electronic monitoring, and participate in an outpatient family counseling program).

Petitioner asserts that he "was ordered [initially] to reappear on several occasions with no expectation of a final judgment, either to be reconfined or continue being ordered to reappear."

Doc. 11 at 1. However, the June 27, 2017 order (which was entered after Petitioner filed the answers to the questionnaire) suspended his commitment for ten years conditioned only on Petitioner making timely child support arrearage payments. Doc. 13 at 24. Moreover, insofar as Petitioner claims that he is "deprived of physical freedom" because he cannot travel or move out of state without first appearing in court, Doc. 11 at 2, such restrictions are not set out in the June 27, 2017 order. Doc. 13 at 24. Thus, apart from self-serving conclusory allegations, Petitioner has failed to provide any support for his claim that the state court's order interferes with his personal movement.

In addition, Petitioner's complaint of impending incarceration is entirely speculative. Contrary to his assertions, Petitioner controls whether he will be incarcerated in the future. As previously stated, he need only pay his child support arrearage to avoid incarceration. *See Spring v. Caldwell*, 692 F.2d 994, 996-98 (5th Cir.1982) (holding that petitioner who had been convicted of a fine-only offense did not meet the in-custody requirements because he had full control over his incarceration). Moreover, "[t]he State's only intention is clear – enforcement of the order for the payment of child support – not the imposition of jail time." *See Gore*, 2015 WL 4162760, at *3 (addressing a similar order, which suspended commitment as long as the petitioner paid his child support arrearages).

Thus, the Court concludes that Petitioner has failed to show that he is sufficiently restrained to invoke the Court's jurisdiction over his habeas petition.

**B. Petitioner has Failed to Exhaust State Court Remedies**

Even assuming Petitioner could satisfy the custody requirement for habeas jurisdiction, he has plainly failed to exhaust his state court remedies by presenting all of his claims to the highest state court for review. *See Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983)

(nonsupport contempt action), *reversed on other grounds*, Turner v. Rodgers, 564 U.S. 431 (2011). In a previous proceeding, this Court informed Petitioner of the exhaustion requirement and the method to challenge a contempt order in state court:

> In Texas, the only method to challenge a contempt order (if the contemnor is confined and the matter stems from a civil law matter) is through an original habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals. *See* Tex. R. App. P. 52; *Ex parte Acker,* 949 S.W.2d 314, 316 (Tex.1997) (civil and criminal contempt order presented to the Texas Supreme Court in an original habeas corpus proceeding); *Ex parte Rojo,* 925 S.W.2d 654, 655 (Tex.1996) (per curiam) (same); *Ex parte Barnett,* 600 S.W.2d 252, 253 (Tex.1980) (same). The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Art. V, § 3 and Texas Government Code § 22.002(e) (Vernon Supp.2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1737). Concurrently with the Texas Supreme Court, the Texas intermediate appellate courts have jurisdiction to issue such writs in cases related to divorce, spouse or child support, or child custody as prescribed by Texas Government Code § 22.221(d) (Vernon Supp.2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1824a).

*Nixon v. 301st Jud. Dist. Ct.*, 3:06-cv-01787-G, 2007 WL 14282, at *2 (N.D. Tex. 2007) (accepting magistrate judge's recommendation).

Yet, Petitioner has not challenged the contempt order at issue here through an original state habeas corpus proceeding. In answer to the Court's questionnaire, Petitioner states that he filed a habeas corpus petition in the Texas Court of Appeals. Doc. 11 at 3. However, the online record confirms that action was dismissed upon Petitioner's request for voluntarily dismissal filed on September 26, 2016, shortly after his release from confinement. *See Ex parte Nixon*, No. 05-16-00979-CV (Tex. App. Oct. 3, 2016).[1] Petitioner subsequently filed two petitions for writ of mandamus, which the Texas Court of Appeals and the Texas Supreme Court denied earlier this year. *See* Doc. 11 at 3 (citing to *Ex parte Nixon*, No. 05-17-00433-CV (Tex. App.

---

[1] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=05-16-00979-CV&coa=coa05.

May 10, 2017), and *Ex parte Nixon*, No. 16-0882 (Tex. Jan. 6, 2017)).[2]

Consequently, the highest Court in Texas has not had an opportunity to review Petitioner's claims, and they remain unexhausted.

### C. Petitioner is Barred from filing the Non-Habeas Civil Action and Motion for Preliminary Injunction

On July 24, 2017, Petitioner filed an *Original Complaint and Application for Injunctive Relief* in this case, Doc. 13 at 1, by which he again challenges the July 2016 contempt order and the purported denial of counsel in state court. Doc. 13 at 1-4. Petitioner also requests to preliminary enjoin Judge Mary Brown, the state judge who held him in civil contempt in July 2016. Doc. 13 at 7.

To the extent Petitioner also seeks non-habeas relief stemming from the contempt order and alleged denial of counsel, his request is not cognizable in a habeas corpus action. In addition, he is barred from filing a stand-alone civil action. As a result of his lengthy and abusive filing history stemming from his repeated failures to pay child support arrearages, Petitioner is barred from filing "any other civil action in this Court" without first paying the $400.00 filing fee or obtaining leave of Court. *See Nixon v. Abbott*, No. 3:13-CV-3807-N-BN, 2013 WL 5989373 (N.D. Tex. 2013) (summarizing Plaintiff's lengthy and abusive filing history and barring "any other civil action in this Court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis*").

---

[2] The online docket sheets are available at http://www.search.txcourts.gov/Case.aspx?cn=05-17-00433-CV&coa=coa05, and http://www.search.txcourts.gov/Case.aspx?cn=16-0882&coa=cossup.

## III. RECOMMENDATION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SIGNED** September 5, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE